<b>United States District Court</b><br>For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DORR, | No. C-11-04477 (DMR) |
|     Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT** |
| v. | |
| ALAMEDA COUNTY PROBATION DEPARTMENT, et al. | |
|     Defendants. | |

Defendant County of Alameda ("the County") moves pursuant to Federal Rule of Civil Procedure 55(c) to set aside the Clerk's entry of default against it. The court grants Defendant's motion because service of process was not proper and thus, the Court lacked personal jurisdiction over Defendant to enter the default.

**I. Background & Procedural History**

Plaintiff James Dorr began his employment with the Alameda County Probation Department ("the Probation Department") in 1985. (Compl. ¶ 9.) Throughout the course of his employment, Defendant allegedly subjected him to "differential terms and conditions of employment because of his race." (Compl. ¶ 10.) Plaintiff filed the current action against the Probation Department on September 8, 2011 pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 1981, 12101, and California law, seeking declaratory relief, injunctive relief, and damages. (*See generally* Compl.) However, Plaintiff's suit erroneously names the Probation Department because it is a department of the County of Alameda and not a standalone legal entity. (*See* Def.'s Mot. to Set Aside Clerk's Default 5.) *Cf. Maier v. N.Y.C. Police Dep't*, No. 08-CV-5104, 2009 WL 2915211, at *2 (E.D.N.Y. Sept. 1, 2009) ("'[A] case against the Police Department or any other non-suable

agency of the City is really a suit against the City itself, which is a suable entity.'" (quoting *Morales v. N.Y.C. Police Dep't*, No. 97 CIV. 7151, 1999 WL 169533, at *1 (S.D.N.Y. Mar. 25, 1999))).

On September 14, 2011, Plaintiff delivered a copy of the summons and complaint to the office of David Muhammad, the Chief Probation Officer for the Probation Department, and filed proof of service on October 12, 2011. [Docket No. 4.] A secretary with the probation department, Teresa LaSalle, accepted delivery of the summons and complaint. [Docket No. 4.] Ms. LaSalle asserts she placed the summons and complaint on a counter where Mr. Muhammad usually picks up his mail. (LaSalle Decl. ¶ 3, Dec. 23, 2011.) She does not know what subsequently happened to the documents. (LaSalle Decl. ¶ 4.) Mr. Muhammad claims he did not personally receive or review the summons and complaint, nor does he know what happened to them. (Muhammad Decl. ¶ 4, Dec. 23, 2011.)

After no defendant made an appearance, Plaintiff moved for entry of default against Defendant on October 13, 2011 [Docket No. 5], which the Clerk denied. [Docket No. 7.] On November 22, 2011, Plaintiff filed a second motion for entry of default [Docket No. 10], which the Court granted on November 28, 2011. [Docket No. 11.]

Ms. LaSalle received copies of Plaintiff's motion for entry of default and the Court's entry of default against Defendant on December 22, 2011. (*See* LaSalle Decl. ¶ 4.) Mr. Muhammad asserts that he received and reviewed a copy of the summons and complaint for the first time on that day. (Muhammad Decl. ¶ 4.) The County made a notice of appearance on December 22, 2011. [Docket No. 16.] The court presumes that Mr. Muhammad informed the County of Plaintiff's lawsuit against it for Defendant now moves the court to set aside the entry of default because the Court had no personal jurisdiction over the County due to improper service of process or, in the alternative, for good cause. [Docket No. 17.]

## II. Entry of Default

### A. Legal Standard

A court may set aside an entry of default as void where the defendant demonstrates defects in the service of process. *See SEC v. Internet Solutions for Bus., Inc.*, 509 F.3d 1161, 1165-66 (9th Cir. 2007). Such defects render the default "void" within the meaning of Federal Rule of Civil Procedure 60(b)(4).[1] *See* Fed. R. Civ. P. 60(b)(4) (allowing court to set aside any "final judgment, order or proceeding" where "the judgment is void"); *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992) (finding default judgment void if defendant not properly served); *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1345 (5th Cir. 1992) (holding that where default "is based on a void judgment under rule 60(b)(4), the district court has no discretion-the judgment is either void or it is not. If a court lacks jurisdiction over the parties because of insufficient service of process, the judgment is void and the district court must set it aside.") The party seeking relief from the entry of default bears the burden of establishing that service was not proper. *See Internet Solutions*, 509 F.3d at 1165-66.

### B. Analysis

Federal Rule of Civil Procedure 4(j)(2), which governs service of process on local government entities, provides: "A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by . . . delivering a copy of the summons and of the complaint to its chief executive officer." Fed. R. Civ. P. 4(j)(2)(A). Alternatively, Rule 4(j)(2)(B) authorizes service in a manner "prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2)(B). Under California law, a plaintiff properly effects service of process on a public agency by serving a "clerk, secretary, president, presiding officer, or other head of its governing body." Cal. Civ. Proc. Code § 416.50(a). The Roster of Public Agencies, kept on file with the Secretary of State, lists each agency's proper representative and address for service of process. *See* Cal. Govt. Code § 960.8

---

[1] Although Rule 60(b)(4) pertains to default judgments, "the principles that apply in the default judgment situation appear to apply with equal force in cases involving the clerk's entry of default." *Quach v. Cross*, No. 03-09627, 2004 WL 2862285, at *1 (C.D. Cal. Dec. 3, 2004).

("Service of process in an action or proceeding against a public agency may be made in conformity with the information contained in the statement in the Roster of Public Agencies pertaining to that public agency which is on file at the time of such service.") A plaintiff may also serve an agency's representative through substitute service under California law. To be effective, a plaintiff must leave the summons and complaint at the representative's office with "the person who is apparently in charge" and, thereafter, mail a copy of the documents to the representative at the same address. *See* Cal. Civ. Proc. Code § 415.20(a).

Plaintiff did not properly serve Defendant in accordance with Federal Rule of Civil Procedure 4(j)(2)(A). Rule 4(j)(2)(A) requires a plaintiff to serve the County's chief executive officer. However, Plaintiff delivered a copy of the summons and complaint to the chief of the Probation Department, not the chief executive officer of the County.[2] (*See* Muhammad Decl. ¶¶ 2-3.)

Plaintiff also failed to properly serve Defendant under California law. Plaintiff failed to make personal service. Rather than serving a head officer of the County's governing body, he served the chief of the Probation Department. Further, rather than effectuating service at the County's official address listed in the Roster of Public Agencies, he delivered a copy of the summons and complaint to the Probation Department. [*See* Docket No. 4.] Plaintiff also failed to properly carry out substitute service under California law. First, he did not leave a copy of the summons and complaint at the office of a head officer of the County's governing body. Instead, he delivered a copy of the documents to the office of the County's chief probation officer. Additionally, he did not mail a copy of the summons and complaint to a head officer of the County's governing body. [*See* Docket No. 4.]

---

[2] Although Plaintiff asserts that the Alameda County Probation Department's "website gives the distinct impression that it is a stand-alone government entity, and it is this information which Plaintiff relied upon when serving the Complaint," this argument is without merit. (Pl.'s Opp'n to Def.'s Mot. to Set Aside Clerk's Default 5.) Plaintiff's mistaken belief about the probation department's legal status, however innocent, does not cure the defective service of process. *See Way v. Mueller Brass Co.*, 840 F.2d 303, 305-06 (5th Cir. 1988) (holding that service of process on head of department of public agency, rather than on public agency's chief executive officer, was improper under the Federal Rules of Civil Procedure, regardless of "counsel's ingenuousness" on issue of what government entity was real party in interest).

**III. Conclusion**

Because the court finds that Plaintiff did not properly serve Defendant, the Court lacked personal jurisdiction over the parties to make an entry of default. The entry of default therefore is void.[3] The court grants Defendant's Motion to Set Aside the Clerk's Entry of Default.

IT IS SO ORDERED.

Dated: February 8, 2012

_____
DONNA M. RYU
United States Magistrate Judge

---

[3] Because the court finds it does not have personal jurisdiction over Defendant, it need not engage in a discussion of whether good cause exists to set aside the default.